# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of )
)
) Case No. 19-sw-5776-NRN
)
A black Apple iPhone 5 cellular telephone and its )
previously extracted contents, more fully described in )
Attachment A, attached hereto )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the ___State and___ District of ___Colorado___, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- **X** evidence of a crime;
- **X** contraband, fruits of crime, or other items illegally possessed;
- **X** property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| | |
|---|---|
| Title 18, U.S.C, § 247 | Damage to Religious Property or Obstruction of Persons in the Free Exercise of Religious Beliefs |
| Title 18, U.S.C, § 249 | Hate Crimes |
| Title 18, U.S.C, § 922(g)(4) | Possession of a Firearm by Person who has been Adjudicated as a Mental Defective or who has been Committed to a Mental Institution |

The application is based on these facts:
- **X** Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/Justin Stern*
Applicant's signature

Justin Stern Special Agent
Printed name and title

Sworn to before me and: ☐ signed in my presence.
x☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: 07/31/2019

*N. Reid Neureiter*
Judge's signature

City and state: Denver, CO

Magistrate Judge N. Reid Neureiter
Printed name and title

## Attachment A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The phone and contents to be searched (hereinafter and in Attachment B "Subject Phone") is a black Apple iPhone 5 cellular telephone having International Mobile Equipment Identification number 013426007825476; as well as its previously extracted contents which are contained on a black SanDisk Ultra USB 3.0, 64 gigabyte external thumb drive having serial number 4C530001090628106325.  Both the Apple iPhone and external thumb drive are in FBI custody at the FBI Denver Division's Boulder Off-site, located within the Boulder County Sheriff's Office, 5600 Flatiron Parkway, Boulder, Colorado 80301.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the Subject Phone described in Attachment A, the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of: Title 18, United States Code, Section 247, Damage to Religious Property or Obstruction of Persons in the Free Exercise of Religious Beliefs; Title 18, United States Code, Section 249, Hate Crimes; Title 18, United States Code, Section 922(g)(4), Possession of a Firearm by Person who has been Adjudicated as a Mental Defective or who has been Committed to a Mental Institution:

1. Images, videos, visual images and depictions relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
2. Any and all records, information, notes, software, documents, records or correspondence, in any format and medium relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
3. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning Internet activity relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
4. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Subject Phone or by other means for the purpose of committing violations of the Subject Offenses;
5. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that teach, guide, direct, advise or otherwise participate or advocate for violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
6. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence;
7. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or

    evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;

8. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
9. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
10. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of the Subject Offenses or that show who used, owned, possessed, or controlled the Subject Phone;
11. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Subject Phone, or that aid in the identification of persons involved in violations of the Subject Offenses;
12. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Subject Phone, or that aid in the identification of persons involved in violations of the Subject Offenses;
13. Credit card information, bills, and payment records pertaining to violations of the Subject Offenses;
14. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of the Subject Offenses;
15. Evidence of who used, owned, or controlled the Subject Phone to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence;
16. Evidence of software that may allow others to control the Subject Phone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software;

17. Evidence of the attachment to the Subject Phone of other storage devices or similar containers for electronic evidence;
18. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Subject Phone;
19. Evidence of how and when the Subject Phone were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;
20. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Subject Phone;
21. Passwords, encryption keys, and other access devices that may be necessary to access the Subject Phone; and
22. Contextual information necessary to understand the evidence described in this attachment.

DEFINITIONS

23. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).