AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| In the Matter of the Search of | ) | |
|---|---|---|
| A black Apple iPhone 5 cellular telephone and its previously extracted contents, more fully described in Attachment A, attached hereto | ) ) ) ) ) ) | Case No. 19-sw-5776-NRN |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the State and District of Colorado *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before August 14, 2019 *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Magistrate Judge N. Reid Neureiter
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*.     ☐ until, the facts justifying, the later specific date of ___.

Date and time issued: 07/31/2019, 2:11 pm         *[signed]* N. Reid Neureiter
                                                              *Judge's signature*

City and state:   Denver, CO                     Magistrate Judge N. Reid Neureiter
                                                          *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**Attachment A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

The phone and contents to be searched (hereinafter and in Attachment B "Subject Phone") is a black Apple iPhone 5 cellular telephone having International Mobile Equipment Identification number 013426007825476; as well as its previously extracted contents which are contained on a black SanDisk Ultra USB 3.0, 64 gigabyte external thumb drive having serial number 4C530001090628106325.  Both the Apple iPhone and external thumb drive are in FBI custody at the FBI Denver Division's Boulder Off-site, located within the Boulder County Sheriff's Office, 5600 Flatiron Parkway, Boulder, Colorado 80301.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the Subject Phone described in Attachment A, the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of: Title 18, United States Code, Section 247, Damage to Religious Property or Obstruction of Persons in the Free Exercise of Religious Beliefs; Title 18, United States Code, Section 249, Hate Crimes; Title 18, United States Code, Section 922(g)(4), Possession of a Firearm by Person who has been Adjudicated as a Mental Defective or who has been Committed to a Mental Institution:

1. Images, videos, visual images and depictions relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
2. Any and all records, information, notes, software, documents, records or correspondence, in any format and medium relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
3. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning Internet activity relating to the Subject Offenses and/or showing intent or plans to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
4. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Subject Phone or by other means for the purpose of committing violations of the Subject Offenses;
5. Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that teach, guide, direct, advise or otherwise participate or advocate for violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
6. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence;
7. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or

evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
8. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
9. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the Subject Offenses and/or showing intent to commit acts of violence, damage religious property or forcefully obstruct free exercise of religion or evincing hatred or bias against individuals or groups of individuals due to their actual or perceived race, color, religion, or national origin;
10. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of the Subject Offenses or that show who used, owned, possessed, or controlled the Subject Phone;
11. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Subject Phone, or that aid in the identification of persons involved in violations of the Subject Offenses;
12. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Subject Phone, or that aid in the identification of persons involved in violations of the Subject Offenses;
13. Credit card information, bills, and payment records pertaining to violations of the Subject Offenses;
14. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of the Subject Offenses;
15. Evidence of who used, owned, or controlled the Subject Phone to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence;
16. Evidence of software that may allow others to control the Subject Phone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software;

17. Evidence of the attachment to the Subject Phone of other storage devices or similar containers for electronic evidence;
18. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Subject Phone;
19. Evidence of how and when the Subject Phone were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;
20. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Subject Phone;
21. Passwords, encryption keys, and other access devices that may be necessary to access the Subject Phone; and
22. Contextual information necessary to understand the evidence described in this attachment.

DEFINITIONS

23. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).